**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Walter Kenneth LEE, Defendant– Appellant.**

**No. 91–8171.**

United States Court of Appeals, Fifth Circuit.

Feb. 18, 1992.

Walter M. Reaves, Jr., West, Tex. (Court-appointed), for defendant-appellant.

LeRoy M. Jahn, John A. Phinizy, Asst. U.S. Attys., Ronald F. Ederer, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before THORNBERRY, GARWOOD, and DAVIS, Circuit Judges.

THORNBERRY, Circuit Judge:

This is Defendant Walter Kenneth Lee's second appeal from the sentence imposed upon his conviction as a felon in possession of a firearm. He alleges error in the district court's upward departure from the Sentencing Guidelines based on Lee's extensive criminal history. Finding no error in the district court's sentencing decision, we AFFIRM.

### Background

Lee pled guilty to a one-count indictment charging him with possession of a firearm by a convicted felon, a violation of 18 U.S.C. § 922. Computation of Lee's criminal history category yielded a category of V, which together with an adjusted base offense level 10, produced a sentencing range of 21–27 months. Thirteen prior charges, including two charges of cocaine possession, were excluded from the computation of Lee's criminal history category, however, because they were dismissed for various reasons or were punished by fine only. Five additional charges were pending against Lee at the time of his arrest in the present case. At the sentencing hearing, the district judge found that Lee's extensive criminal history was not accurately reflected in the computation of his criminal history category. He therefore departed upward from the guideline range and imposed a sentence of 60 months.

A prior panel of this Circuit vacated Lee's sentence, based on the district court's failure to articulate the factual basis for the upward departure. The district court had neglected to rule on Lee's objections to his presentence report, in which he claimed that he was innocent of the two cocaine possession charges as well as three of the five pending charges. The panel remanded the case for resentencing with directions to the district court to resolve any factual issues upon which an upward departure is based.

On remand, the district court held an evidentiary hearing on Lee's objections to his presentence report. The evidence showed that Lee had possessed cocaine as alleged in the two dismissed charges, so the court overruled Lee's challenge to the accuracy of these incidents as reported in the presentence report. The court did not rule on the pending charges because the court considered them only for the fact that Lee was out on bond for those charges when he committed the present offense. Based on these findings and the other information contained in the presentence report, the district court again imposed a sentence of 60 months. Lee filed a timely notice of appeal.

### Discussion

Lee contends that the district court contravened *United States v. Lopez*, 871 F.2d 513 (5th Cir.1989) because it failed to consider an upward adjustment from criminal history category V to category VI, the highest criminal history category defined by the Sentencing Guidelines, prior to departing beyond category VI. On remand, the district court did not specifically consider and reject category VI; however, at the original sentencing hearing, the district court considered category VI and explicitly found that it was inadequate to reflect Lee's extensive criminal history.[1] On re-

---

1. The district judge addressed the inadequacy of criminal history category VI as follows:

    [T]here have been so many offenses in state court for which no punishment of any real nature has been meted out, several cases have been dismissed in exchange for pleas in other cases, and there's been an inordinant number of cases where probation and other lenient treatment has been afforded. The Court would further find that ... departing to a criminal history category of VI would still not be adequate to reflect the real criminal histo-

mand, the district court made specific fact-findings justifying its decision to depart beyond category VI. Under these circumstances, we find that the district court satisfied *Lopez*. *Cf. United States v. Jones*, 905 F.2d 867, 870 & n. 4 (5th Cir.1990).

 Lee also argues that the district court failed to give adequate reasons for its upward departure.[2] The district court based its upward departure on Lee's commission of other similar offenses which were not prosecuted to conviction as well as Lee's bond status on numerous pending criminal charges. These factors were identified by the Sentencing Commission in U.S.S.G. § 4A1.3(d) and (e) as justifying an upward departure from a defendant's criminal history category. In addition, Lee's presentence report lists a series of convictions for assault, disorderly conduct, and criminal mischief which were punished by fine only. The Sentencing Commission recognized this type of criminal record as a further justification for an upward departure from a defendant's criminal history category. *See* U.S.S.G. § 4A1.3 commentary. We find that the reasons given by the district court are more than adequate to justify its upward departure.

Furthermore, based on the extensiveness of Lee's criminal history, we cannot say that the magnitude of the departure was unreasonable. At the resentencing hearing, the district court stated that the evidence established that Lee's conduct in the present offense would have supported a conviction on several more serious offenses carrying minimum sentences of 60 months or longer. Comparing Lee's departure sentence with the minimum statutory sentences for other similar conduct was not error, as the Defendant alleges; rather, it provides additional support for the reasonableness of the sentence imposed. *Cf.*

*United States v. Lopez*, 871 F.2d 513, 515 n. 1 (comparing departure sentence with other criminal history categories to determine the reasonableness of the extent of the departure).

For all of the foregoing reasons, we affirm the district court's sentencing decision in this case.

---

ry of Mr. Lee. Further, that the writers of the Guidelines simply did not consider or anticipate a situation where one could commit so many offenses and be punished so leniently in a state system.
Transcript of Sentencing Proceedings, Record vol. 2, at 10.

**2.** Citing *United States v. Landry*, 903 F.2d 334, 339–41 (5th Cir.1990), Lee further argues that

the district court improperly relied on the involvement of minors in the commission of the offense as a basis for its upward departure. We reject this argument outright because the record does not establish that the district court considered the involvement of minors in its sentencing decision.