UNITED STATES of America, Appellee,

v.

Douglas Eugene MORSE, Appellant.

No. 91–3305.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 13, 1992.

Decided Jan. 5, 1993.

Richard Malacko, St. Paul, MN, argued, for appellant.

Joseph T. Walbran, Minneapolis, MN, argued, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

Douglas Morse pleaded guilty to possessing more than fifteen unauthorized access devices with intent to defraud in violation of 18 U.S.C. § 1029 (1988). The district court[1] sentenced Morse to thirty-six months imprisonment. Morse appeals his sentence and we affirm.

I. BACKGROUND

On April 10th, 1991, police executed a search warrant at Morse's apartment and found numerous credit cards, instant cash cards, social security cards and drivers licenses that were not issued in Morse's name. Morse pleaded guilty to possession of more than fifteen unauthorized access devices with intent to defraud. The Presentence Report (PSR) indicated that

Morse's base offense level was six and his criminal history category was III. Morse's base offense level was adjusted under Section 2F1.1 of the United States Sentencing Guidelines ("U.S.S.G.") to level 12; it was increased four levels because the victims' loss exceeded $20,000, and was increased two more levels because Morse's scheme involved more than minimal planning. At sentencing, the court applied the criminal livelihood provision of U.S.S.G. § 4B1.3, which increased Morse's base offense level to 13, resulting in a sentencing range of 12 to 24 months. The court then departed upward and sentenced Morse to 36 months based on its finding that Morse's criminal history was not adequately reflected, past penalties had not deterred Morse, and pending state charges added weight to his criminal history. Morse appeals the court's application of the criminal livelihood provision and its upward departure from the Guideline sentencing range.

II. DISCUSSION

A. Application of the Sentencing Guidelines

1. Criminal Livelihood Provision

■ Morse contends the court erred in applying U.S.S.G. § 4B1.3 to increase his base offense level to 13. Section 4B1.3 provides that a defendant's offense level will be increased to 13 "[i]f the defendant committed an offense as part of a pattern of criminal conduct engaged in as a livelihood." U.S.S.G. § 4B1.3 (1991). Thus, the court has a two-part inquiry to determine whether the section is applicable: first, whether the defendant committed the offense "as part of a pattern of criminal conduct," and (2) whether the defendant "derived a substantial portion of his income" from that conduct. *United States v. Hewitt,* 719 F.Supp. 199, 201 (S.D.N.Y. 1989).

■ The Guidelines define the phrase "pattern of criminal conduct" as "planned criminal acts occurring over a substantial period of time." U.S.S.G. § 4B1.1, com-

1. The Honorable David S. Doty, United States District Judge for the District of Minnesota.

ment. (n.1). It is evident from the vast number of credit cards, cash cards and drivers licenses in Morse's possession that he had devised an extensive scheme to use these cards to fraudulently obtain money. Furthermore, Morse's previous convictions for forgery, possession of stolen property, and theft by check date back to 1981, thus establishing a long pattern of fraudulent activity.

■■ The second part of the inquiry requires the district court to consider whether Morse engaged in the conduct as his livelihood. In order to satisfy the "engaged in as a livelihood" element of the inquiry, the court must find that "(1) the defendant derived income from the pattern of criminal conduct that in any twelve-month period exceeded 2,000 times the then existing hourly minimum wage under federal law; and (2) the totality of circumstances shows that such criminal conduct was the defendant's primary occupation in that twelve-month period." U.S.S.G. § 4B1.3, comment. (n.2). We give deference to the district court's findings of fact concerning the amount of loss and we review under the clearly erroneous standard. *United States v. Cryer*, 925 F.2d 828, 830 (5th Cir.1991). Morse argues the Guideline is inapplicable because there is insufficient evidence that he earned $8500 (2,000 times the $4.25 hourly minimum wage) from his scheme during the last year. In calculating the amount of loss to victims, Morse argues the court should not consider $8,000 obtained from a checking account opened by an unidentified female using an altered drivers license. Although Morse admitted that the victim's identification was found in his apartment, he argues he was not involved in the scheme and did not receive any money from the checking account. Even assuming Morse did not receive any money from this particular account, the PSR detailed numerous transactions that totalled losses over $20,000; thus, without the $8,000 factored in, $12,000 could be attributed to Morse's conduct. Given the deference we give to these factual findings, we hold the court did not err in its determination that Morse received at least $8500 in

the last twelve months from his scheme. *Cryer*, 925 F.2d at 830.

Finally, the court found that "[a]fter reviewing the defendant's instant offense, prior record and employment record, there is no indication that he has done anything else to attain a steady form of income." The court found, and Morse admitted, that he had a gambling addiction and no steady source of income. Morse was last employed in 1980 for one year as a laborer, and the court found no evidence that Morse's freelance video work was financially profitable. We hold that based on these findings, the court did not err in applying the criminal livelihood provision of § 4B1.3 of the Guidelines.

### 2. Upward Departure

Morse argues the court erred in departing upward from the Guidelines as authorized by 18 U.S.C. § 3553(b). Under this provision, a court may impose a sentence outside the guideline range if "the court finds that there exists an aggravating or mitigating circumstance ... not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b). The court stated the following reasons for its departure:

The criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes. The defendant is pending trial on two similar offenses. Defendant had over 50 victims' identifications in his possession at the time he was arrested for the instant offense. Defendant's prior convictions and imposed sentences have not deterred defendant from repeating this crime.

■ We review the district court's decision to depart upward based on circumstances not adequately considered by the Guidelines under an abuse of discretion standard. *United States v. Perkins*, 929 F.2d 436, 438 (8th Cir.1991). Because the district court's determination of a sentence is a "judgment call," we must give due

regard to the "district court's superior 'feel for the case.'" *United States v. Snover*, 900 F.2d 1207, 1211 (8th Cir.1990). We will affirm a departure from the guideline range unless it is "unreasonable." *United States v. Saunders*, 957 F.2d 1488, 1492 (8th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 256, 121 L.Ed.2d 187 (1992). Morse argues the district court's departure was unreasonable because his criminal history category adequately reflected the seriousness of his past conduct.

■ Section 4A1.3 of the Guidelines provides that "[i]f reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes," the court may depart from the applicable guideline range. Section 4A1.3 also states that "[i]n considering a departure under this provision ... the court [should] use, as a reference, the guideline range for a defendant with a higher or lower criminal history category, as applicable." In departing upward from the Guidelines, the court relied on previous convictions not counted in Morse's score, pending charges, and the failure of previous sentences to deter Morse. We hold the district court did not abuse its discretion in finding that Morse's criminal history score did not adequately reflect the seriousness of his prior criminal history.

First, the district court considered previous convictions that were not calculated in Morse's criminal history score.[2] The court determined that if Morse received a point for each of his four prior convictions not included in his criminal history score, he would have a total of ten criminal history points and would be placed in Category V. *United States v. Lee*, 955 F.2d 14, 16 (5th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 3010, 120 L.Ed.2d 884 (1992) (court departed upward based on defendant's previous convictions that were excluded from computation of his criminal history score because they were dismissed or punished by fine); *United States v. Christoph*, 904 F.2d

1036, 1042 (6th Cir.1990), *cert. denied*, 498 U.S. 1041, 111 S.Ct. 713, 112 L.Ed.2d 702 (1991) (court departed in part because defendant's past criminal conduct was not included in his criminal history score). Second, the court noted that Morse has two pending charges in state court for fraud charges. Other circuits have recognized that courts may consider pending charges or uncharged conduct in its determination of a defendant's accurate criminal history. *See Lee*, 955 F.2d at 16 (court considered five criminal charges pending at the time of the defendant's arrest); *United States v. Gaddy*, 909 F.2d 196, 201 (7th Cir.1990) ("The Guidelines permit consideration of prior similar adult criminal conduct not resulting in conviction, which covers pending charges."); *United States v. O'Dell*, 965 F.2d 937, 939 (10th Cir.1992) (departure affirmed based on district court's consideration of uncharged burglaries, uncharged possession of stolen vehicles and uncharged crimes involving worthless checks). Finally, the court found that previous lenient sentences had not deterred Morse from committing other crimes. *See United States v. Carey*, 898 F.2d 642, 646 (8th Cir.1990) (affirming upward departure based on deterrence necessitated by defendant's "obvious incorrigibility"); *Saunders*, 957 F.2d at 1493 (past leniency justifies departure). The court determined that Morse's criminal history was more adequately reflected in reference to category V, which, when combined with Morse's offense level of 13, generates a sentencing range of 30 to 37 months. Even without considering the two pending charges against Morse, the district court had adequate grounds to depart under § 4A1.3. The dissent agreed there are two valid grounds for departure and those grounds alone more than amply justify a twelve-month increase in Morse's sentence. We do not take issue with Chief Judge Arnold's dissent on the unconvicted charges issue, and agree that such unproven charges are not a solid basis for enhancement, but posit that such unproven charges are, under the circumstances of this case, including the

---

**2.** After four offenses are counted under Section 4A1.1(c), all subsequent offenses do not count in

the criminal history score. *See* U.S.S.G. § 4A1.1(c), comment. (n. 3).

defendant's background, more than ample to warrant the departure taken, particularly in view of the statutory maximum of ten years for the offense charged.

Finally, Morse argues the court failed to specifically state the reasons for its departure. As set forth above, the court carefully and clearly stated its specific reasons for departure and met the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Carey,* 898 F.2d 642, 646 (8th Cir.1990) (court's assertion of two specific nonconclusory reasons for departure satisfies 18 U.S.C. § 3553(c)(2)). Therefore, we find no grounds for reversing the district court's sentence; in fact, we think the departure upward was amply warranted, and the sentence somewhat lenient, considering the factual situation presented by the record.

## B. Eighth Amendment

█ Finally, Morse contends his sentence is so disproportionate to his crime that it violates the Eighth Amendment's prohibition against cruel and unusual punishment. Morse's reliance on *Solem v. Helm,* 463 U.S. 277, 292, 103 S.Ct. 3001, 3010, 77 L.Ed.2d 637 (1983), is weakened by the Supreme Court's proportionality analysis in *Harmelin v. Michigan,* — U.S. ——, 111 S.Ct. 2680, 2702, 115 L.Ed.2d 836 (1991). In *Harmelin,* one plurality of the Court expressed a desire to overrule *Solem,* while a majority of the Court either declined to expressly overrule *Solem* or explicitly approved of *Solem. Harmelin,* — U.S. at ——, 111 S.Ct. at 2685–87 (Opinion of Scalia, J.), 2685–2701 (Opinion of Kennedy, J.), 2709–11 (Marshall, J., dissenting). Because "[t]he future of the proportionality test is uncertain," we "narrowly review[ ] a sentence to determine whether the sentence 'is grossly disproportioned' to the crime." *Neal v. Grammer,* 975 F.2d 463, 465 (8th Cir.1992) (quotation omitted). The access device fraud statute carries a maximum of possible penalty of ten years, 18 U.S.C. 1029(a)(3), and Morse was sentenced to 36 months imprisonment. Morse was found in possession of over 52 unauthorized access cards, had been convicted for similar fraudulent activity, and derived a substantial portion of his income from this activity. Under our narrow standard of review, we hold the 36–month sentence is not "grossly disproportioned" to Morse's crime.

## III. CONCLUSION

For the foregoing reasons, the judgment of the district court is affirmed.

RICHARD S. ARNOLD, Chief Judge, concurring in part and dissenting in part.

I fully agree with the Court that the District Court properly increased Morse's base offense level under § 4B1.3 of the Guidelines, relating to an offense committed as part of a pattern of criminal conduct engaged in as a livelihood. I also join that portion of the Court's opinion discussing Morse's Eighth Amendment argument. This argument is, in my view, frivolous.

As to the upward departure, however, I respectfully dissent. The District Court based the upward departure on three separately listed factors: previous convictions not counted in Morse's criminal-history score, pending charges, and the failure of previous sentences to deter Morse. I have no quarrel with two of these factors—the previous convictions not counted and the failure of previous sentences to deter. The use of pending charges, though, seems to me a mistake. I do not see how the fact that someone is charged with a crime—a charge which has not yet been tried and may never be—can be used against him. A charge is merely an accusation. A person charged is still entitled to the presumption of innocence until his guilt has been properly established. It is quite true that "uncharged conduct," *ante* at 854, can be used against a defendant for sentencing purposes. But here there is no "conduct," but only accusations that criminal conduct has occurred.

The word "conduct," I should think, refers to what somebody has actually done, not merely what someone else has accused

him of doing. If there were evidence establishing by a preponderance that Morse had actually done the things of which the pending charges accuse him, well and good. But as I understand this record, there is no such evidence. There are only "pending charges," and surely the fact of a governmental accusation, without more, is not sufficient evidence (if it is any evidence at all) to establish guilt by a preponderance. We know only that Morse has two pending charges in a state court for fraud. We do not know whether he is guilty. We do not even know whether the charges will ever be tried.

In this situation, I cannot agree that there is sufficient evidence of uncharged conduct to warrant this particular ground asserted by the District Court in support of an upward departure. The other two grounds, both of them valid, remain, and the District Court might well have departed upward to the same degree based only on these two grounds. The Court, however, did not say that it would have done so, nor is it otherwise apparent from the record that the same sentence would have been imposed absent the Court's consideration of the pending charges. In this situation, we should, in my view, reverse this sentence and remand it to the District Court for reconsideration. If the District Court imposes the same sentence on remand, leaving out of account the improper factor of pending charges, it would be within its rights, in my opinion, but I cannot vote to affirm a sentence that apparently is based in part on mere accusation.