12 F.3d 1103
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Conrad Kenneth IRON BIRD Appellant.
 No. 92-3869.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 14, 1993.
Filed: November 30, 1993.
 
 Appeal from the United States District Court for the District of South Dakota.
 Before RICHARD S. ARNOLD, Chief Judge, JOHN R. GIBSON and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Conrad Iron Bird appeals the two thirty-month consecutive sentences imposed by the district court[1] following his guilty pleas to two counts of abusive sexual contact with minors, in violation of 18 U.S.C. Secs. 1153, 2242(1), 2244(a)(2). We affirm.
 
 
 2
 A grand jury returned a seven-count indictment against Iron Bird, charging him with aggravated sexual abuse of and abusive sexual contact with three minors. Two counts were dismissed on the ground that the statute of limitations had expired; Iron Bird pleaded guilty to two counts of abusive sexual contact with two minors; and, pursuant to a plea agreement, the government dismissed the remaining three counts at sentencing.
 
 
 3
 Applying the 1989 version of the Guidelines, the presentence report (PSR) determined that Iron Bird's total offense level was 16 and his criminal history score was I, yielding a sentencing range of 21 to 27 months. The PSR suggested, however, that Iron Bird's criminal history category did not adequately reflect the seriousness of his past criminal conduct or the likelihood that he would commit other crimes, and recommended that the court consider departing upward. See U.S.S.G. Sec. 4A1.3(e), p.s. The PSR noted that during the course of the investigation, law enforcement authorities had discovered that Iron Bird had had sexual contact with a fourth victim when she was under the age of 12, but Iron Bird could not be prosecuted for that offense because the statute of limitations had expired. The PSR further observed that if Iron Bird had been convicted on five counts, and the counts were grouped pursuant to U.S.S.G. Sec. 3D1.4, his Guidelines range would have been 57 to 71 months, but the statutory maximum of 3 years would have applied on counts I, II, III, and V, and a statutory maximum of 10 years would have applied on count IV. Iron Bird did not object to the PSR.
 
 
 4
 At sentencing, a victim's mother testified about the impact the offense had on her daughter. She stated that the victim was then receiving counseling once a week as a result of the abuse, that she had been having nightmares, that she was withdrawn from other children, and that she did not trust boys. The mother also indicated that her daughter had alcohol problems because of this offense. In response to questions from the court, the mother stated that the incidents robbed her daughter of her childhood and affected the entire family.
 
 
 5
 Following the mother's testimony, the court stated that a sentence above the Guidelines range was justified because Iron Bird had sexually assaulted at least four minor females between the ages of seven and fifteen. The court then sentenced Iron Bird to thirty months in prison on each count, with the sentences to run consecutively. After imposing sentence, the court reiterated that it was departing because Iron Bird's criminal history category did not adequately reflect the seriousness of his past criminal conduct.
 
 
 6
 Iron Bird now argues that the district court erred by relying on uncharged allegations of sexual abuse contained in the PSR as the basis for its upward departure; that the district court failed to give sufficient reasons to explain the upward departure and failed to follow proper procedures for departing under section 4A1.3; and that trial counsel was ineffective.
 
 
 7
 We can review only for plain error Iron Bird's argument that the district court erroneously used uncharged allegations of sexual abuse as the basis for its upward departure because he failed to object to the information contained in the PSR or to the district court's reliance on that information at sentencing. See, e.g., United States v. Filker, 972 F.2d 240, 242 (8th Cir. 1992) (by failing to object to sentence below Guidelines range government waived right to review of departure absent demonstration of plain error resulting in a miscarriage of justice); United States v. Terry, 930 F.2d 542, 546 (7th Cir. 1991) (failure to object to district court's use of police reports of prior similar conduct as basis for departure under section 4A1.3 precluded challenge to departure premised on alleged unreliability of information). Under section 4A1.3, a district court may depart upward "[i]f reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." One type of information that may be considered when making this decision is "prior similar adult criminal conduct not resulting in a criminal conviction." Section 4A1.3(e). We have previously held that a sentencing court may rely on uncharged criminal conduct contained in the PSR when its veracity is not challenged and the sentencing court believes the information to be reliable. See United States v. Fawbush, 946 F.2d 584, 587 (8th Cir. 1991) (prior incidents of sexual abuse); see also United States v. Muzingo, 999 F.2d 361, 363 (8th Cir. 1993) (unrelated and uncharged conduct). We have also held that unproven pending charges, under certain circumstances, can support an upward departure. See United States v. Morse, 983 F.2d 851, 854 (8th Cir. 1993). Iron Bird does not challenge the factual accuracy of the allegations. We conclude, therefore, that the district court did not err by relying on both the allegations contained in the PSR that Iron Bird sexually abused a fourth victim and the dismissed charges of sexual abuse with a third victim to justify the upward departure.
 
 
 8
 We can also review only for plain error Iron Bird's argument that the district court failed to explain adequately the extent of its departure and failed to follow proper procedures for departing under section 4A1.3. When departing upward pursuant to section 4A1.3 based on past criminal conduct not included in the defendant's criminal history score, "the district court must compare the seriousness of the defendant's criminal history with that of offenders in each higher category and then select the category that most closely resembles the defendant's history." United States v. Thomas, 914 F.2d 139, 144 (8th Cir. 1990). The district court failed to do so on the record in this case. We are not required to reverse, however, if we are satisfied that the aggravating circumstances relied on by the district court actually existed and the court's departure was reasonable. Id.; see also Morse, 983 F.2d at 854 ("[w]e will affirm a departure from the guideline range unless it is 'unreasonable' " (cited case omitted)). Iron Bird does not challenge the fact that the additional acts of sexual abuse actually occurred, and the court departed only three months on each count. If Iron Bird had been actually sentenced on the two additional charges of sexual abuse, he would have faced two additional sentences of 21 to 27 months that also could have been imposed consecutively.[2]
 
 
 9
 We decline to consider on direct appeal Iron Bird's claims of ineffective assistance of counsel because the record is not sufficiently developed. See United States v. Thompson, 972 F.2d 201, 204 (8th Cir. 1992). If necessary, Iron Bird may raise these claims later in a 28 U.S.C. Sec. 2255 motion.
 
 
 10
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Donald J. Porter, Senior United States District Judge for the District of South Dakota
 
 
 [2]
 The parties do not dispute that the sentencing court could impose a consecutive sentence for each count of sexual abuse involving a different victim or different act. See U.S.S.G. Sec. 3D1.2(a); United States v. Fire Thunder, 908 F.2d 272, 275 (8th Cir. 1990) (two counts of illegal sexual contact with two different victims). See also United States v. Rugh, 968 F.2d 750, 755 (8th Cir. 1992) (two counts of child pornography involving two separate children)