48 F.3d 1225
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Rodney D. MAGBY, Appellant,
 No. 94-3365.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Feb. 9, 1995.
Filed: Feb. 23, 1995.
 
 Before McMILLIAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Ronald D. Magby pleaded guilty to possessing two firearms transported in interstate commerce after having been convicted of a crime punishable by imprisonment for more than one year, in violation of 18 U.S.C. Secs. 922(g)(1) and 924(e)(1). The district court[1] sentenced Magby to 200 months in prison and three years of supervised release, and imposed a $15,000 fine. Magby appeals his sentence. We affirm.
 
 
 2
 Section 924(e)(1) sets a fifteen-year mandatory minimum prison sentence for a person who violates section 922(g)(1) and has three prior convictions for a violent felony or serious drug offense committed on different occasions. Magby argued below that applying section 924(e)(1)'s enhanced penalty to him would result in a sentence that was disproportionate to his crime, in violation of the Eighth Amendment. He relied principally on Solem v. Helm, 463 U.S. 277, 290-92 (1983) (in reviewing sentence for proportionality under Eighth Amendment, court should consider gravity of offense and harshness of penalty, sentences imposed on other criminals in same jurisdiction, and sentences imposed for same crime in other jurisdictions).
 
 
 3
 The district court rejected Magby's Eighth Amendment proportionality challenge and sentenced him in accordance with section 924(e)(1) and the armed-career-criminal Guideline. See U.S.S.G. Sec. 4B1.4(a) (defendant who is subject to enhanced sentence under section 924(e) is armed career criminal). Magby renews his proportionality argument on appeal.
 
 
 4
 As we have previously stated, the future of the proportionality test is uncertain after the Supreme Court's plurality decision in Harmelin v. Michigan, 501 U.S. 957, 1009 (1991) (life sentence for first offense of cocaine possession does not violate Eighth Amendment), and we will narrowly review a sentence to determine whether it is grossly disproportionate to the crime. United States v. Morse, 983 F.2d 851, 855 (8th Cir. 1993). Given our narrow review and Magby's prior criminal history, which included three prior burglaries, we cannot say that Magby's sentence violates the Eighth Amendment. See United States v. Rudolph, 970 F.2d 467, 469-70 (8th Cir. 1992), cert. denied, 113 S. Ct. 1023 (1993); see also United States v. Warren, 973 F.2d 1304, 1311 (6th Cir. 1992) (upholding fifteen-year mandatory minimum sentence against proportionality challenge even though defendant would have received 1-5 year sentence for firearm offense under Kentucky law).
 
 
 5
 Accordingly, we affirm Magby's sentence.
 
 
 
 [1]
 The HONORABLE JIMM LARRY HENDREN, United States District Judge for the Western District of Arkansas