62 F.3d 1422
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Michael Gregory ESCH, Appellant,
 No. 95-1398
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 5, 1995
Filed: Aug. 10, 1995
 
 Before LOKEN, HANSEN, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Michael Gregory Esch pleaded guilty to possessing an unregistered firearm silencer, in violation of 26 U.S.C. Secs. 5861(d) and 5871. The district court[1] sentenced Esch to 33 months' imprisonment and three years of supervised release, and fined him $7500. Esch appeals his sentence, arguing that the court erred in assessing a two-level enhancement for use of a special skill to make the silencer. We affirm.
 
 
 2
 The Guidelines call for a two-level increase in a defendant's base offense level if the defendant "used a special skill ... in a manner that significantly facilitated the commission or concealment of the offense." U.S.S.G. Sec. 3B1.3. " 'Special skill' refers to a skill not possessed by members of the general public and usually requiring substantial education, training or licensing. Examples would include pilots, lawyers, doctors, accountants, chemists, and demolition experts." Id. at comment. (n.2). We review the district court's factual findings for clear error and its application of the Guidelines de novo. United States v. Ballew, 40 F.3d 936, 943 (8th Cir.1994), cert. denied, 115 S. Ct. 1813 (1995). Esch-who has had training in welding and previously operated a machine gun business-does not dispute that he manufactured the silencer at issue, but he argues the district court clearly erred when it found that the skill necessary to make the silencer was not possessed by the general public and constituted a special skill under section 3B1.3.
 
 
 3
 At sentencing, a firearms enforcement officer with the Bureau of Alcohol, Tobacco, and Firearms testified at length about the skills, tools, and material needed to manufacture the silencer. The officer indicated that skill and training in the use of the tools was required, and ultimately concluded that he would have been unable to manufacture the silencer. The district court determined that, although the tools and raw material involved were available to the general public, the public did not possess the knowledge or skills needed to make the silencer, and a substantial amount of experience or training was involved. We conclude that the court's finding is supported by the officer's testimony and is not clearly erroneous. Cf. United States v. Lewis, 41 F.3d 1209, 1214 (7th Cir.1994) (skills necessary to operate eighteen-wheeler truck justified enhancement; fact that average person can perhaps accomplish task at which someone with special training or skill is adept does not make activity unspecialized); United States v. Muzingo, 999 F.2d 361, 362-63 (8th Cir.) (no clear error in finding use of special skill where there was evidence defendant broke into safe deposit boxes by using key-manufacturing skill, and possessed technical drawings and object needed to determine profile of required keys), cert. denied, 114 S. Ct. 575 (1993).
 
 
 4
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas