IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-21131
Conference Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,


versus

ANTHONY MICHAEL SMITH,

                                        Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-96-CR-12-1
- - - - - - - - - -
August 15, 1997
Before KING, HIGGINBOTHAM, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

     Anthony Michael Smith appeals his conviction and sentence

for conspiracy to possess, with intent to deceive, and possession

with intent to pass one or more counterfeit securities.  Smith

argues that the district court erred in failing to enter a

downward departure based on his substantial assistance to

authorities pursuant to U.S.S.G. § 5K1.1.   Smith's sole

contention is that the Government's refusal to move for a § 5K1.1

_____

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

downward departure was unfair.  Because Smith has not alleged that the Government's failure to file a § 5K1.1 motion was due to an unconstitutional motive, this claim is without merit.  See Wade v. United States, 504 U.S. 181, 186 (1992).

Further, Smith argues that the district court miscalculated the loss attributable to him under U.S.S.G. § 2F1.1.  Smith's first point of error under this argument is that the district court took into account checks drawn on McFall & Sartwelle and Centex accounts that were not alleged in the indictment.  This argument is without merit because the district court has latitude to consider such under the Sentencing Guidelines.  See U.S.S.G. §§ 2F1.1, 1B1.3(B); see also United States v. Cryer, 925 F.2d 828 (5th Cir. 1991).

Smith's second point of error is that there is insufficient evidence to show that he is responsible for passing the McFall & Sartwelle and Centex checks.  Inasmuch as Smith did not present evidence to rebut the Government's evidence, nor statements in his presentence report thereto, the court's consideration of the McFall & Sartwelle and Centex checks was plausible in light of the record read as a whole.  United States v. Watson, 966 F.2d 161, 162 (5th Cir. 1992); see also United States v. Gray, 105 F.3d 956, 969 (5th Cir.) cert. denied, 117 S. Ct. 1326 (1997).  Therefore, the court did not commit clear error in including those checks in its calculation of the loss attributable to

Smith.  <u>United States v. Humphrey</u>, 104 F.3d 65, 71 (5th Cir. 1997).

AFFIRMED.