**Michael NEAL, Appellant,**

v.

**Gary GRAMMER, Warden, Nebraska Penal and Correctional Complex, Appellee.**

No. 91–2389.

United States Court of Appeals, Eighth Circuit.

Submitted March 10, 1992.

Decided Sept. 11, 1992.

J. Michael Coffey, Omaha, Neb., argued, for appellant.

Patrick T. O'Brien, Lincoln, Neb., argued, for appellee.

Before McMILLIAN and HANSEN, Circuit Judges, and VAN SICKLE,[*] Senior District Judge.

VAN SICKLE, Senior District Judge.

Michael Neal appeals from an order of the district court[1] denying his petition for a writ of habeas corpus 769 F.Supp. 1523. Neal raises five issues on appeal. First, he alleges that his sentence constitutes cruel and unusual punishment. Second, Neal claims that he received ineffective assistance of counsel. Third, he claims that the guilty plea lacked a factual basis and, fourth, that his guilty plea was involuntary. Finally, he alleges that he failed to receive due process when he was denied a continuance to allow him to retain new counsel.

We affirm.

## I. BACKGROUND

In 1982, Neal and two accomplices, Walter Bray and Leroy Brooks, robbed a "Town and Country" convenience store. Neal's involvement in the crime amounted to creating a distraction while his co-defendants held up the store clerk. Neal entered a plea of guilty in the District Court of Douglas County, Nebraska, to one count of robbery and one count of use of a firearm to commit a felony. The Nebraska Supreme Court affirmed the convictions and sentences on direct appeal. *State v. Neal*, 216 Neb. 709, 346 N.W.2d 218 (1984).

Thereafter, Neal sought and was denied state post-conviction relief. Neal then filed a petition for writ of habeas corpus in the United States District Court for the District of Nebraska. A United States Magistrate Judge issued a Report and Recommendation which recommended that the petition be denied. The Report and Recommendation was adopted by the district court.

## II. DISCUSSION

### A. *Cruel and Unusual Punishment*

Neal was sentenced to no less than fourteen nor more than fifty years for robbery and five to twenty years for the use of a firearm. The sentences were ordered to run consecutively to each other and to the sentences of seven to ten years and three

---

[*] The HONORABLE BRUCE M. VAN SICKLE, Senior United States District Judge for the District of North Dakota, sitting by designation.

1. The HONORABLE WARREN K. URBOM, United States District Judge for the District of Nebraska.

to five years for two previous robbery convictions, which were imposed between the time Neal was arrested and sentenced for the "Town and Country" robbery.

In asserting his Eighth Amendment right to remain free from cruel and unusual punishment, the defendant relies on the proportionality test. *Solem v. Helm*, 463 U.S. 277, 292, 103 S.Ct. 3001, 3011, 77 L.Ed.2d 637 (1983). In *Solem* the Supreme Court stated;

[A] court's proportionality analysis under the Eighth Amendment should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions.

*Id.*

The future of the proportionality test is uncertain. *See Harmelin v. Michigan*, —— U.S. ——, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (rejection of the proportionality test by one plurality of the Court). Therefore, the Eighth Circuit narrowly reviews a sentence to determine whether the sentence "is grossly 'disproportioned' to the crime." *United States v. Gordon*, 953 F.2d 1106, 1107 (8th Cir.1992). Neal was convicted of armed robbery and the use of a firearm to commit a felony, and he was sentenced within the statutory limits. Since he was sentenced within the statutory limits, "we will not disturb [the sentence] on appeal unless the trial court abused its discretion." *See United States v. Garcia*, 785 F.2d 214, 227 (8th Cir.1986), *cert. denied sub nom. Barker v. United States*, 475 U.S. 1143, 106 S.Ct. 1797, 90 L.Ed.2d 342 (1986). Under a narrow review, we hold that the crime of robbery and the use of a firearm to commit a felony are not grossly "disproportioned" to the sentences imposed by the trial court.

Furthermore, Neal alleges that because he was a passive participant in the crime, his sentence should be less than or proportionate to his co-defendants. Neal states that although a co-defendant used the gun, the co-defendant received a lesser penalty.

That argument is no more meritorious in the case at bar than it was in *Knapp*. *See United States v. Knapp*, 955 F.2d 566, 570 (8th Cir.1992) (rejection as "lack[ing] merit" of Knapp's argument that a co-defendant received the same sentence for a longer participation). We reject Neal's contentions.

"A convicted offender must present a 'clear and convincing case of abuse of discretion ... or a patent violation of a constitutional guarantee to warrant setting aside a sentence.'" *United States v. Garcia*, 785 F.2d 214, 228 (8th Cir.1986) (quoting, *Orner v. United States*, 578 F.2d 1276, 1280 (8th Cir.1978)). Neal merely asserts that the disparity of his sentence and the sentences of his co-defendants creates an inference of an abuse of discretion. He has not presented a "clear and convincing case of abuse of discretion." *See Id.* Therefore, we hold that Neal has not met his burden of proof.

B. *Ineffective assistance of counsel*

The proper standard for determining whether counsel is ineffective is:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that the counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

Neal contends that his attorney failed to investigate adequately one of the co-defendants, Walter Bray, prior to entering pleas of guilty. Although Bray refused to speak with counsel, Bray's testimony was already

contained in the police and court reports. Therefore, counsel had knowledge of Bray's testimony, and Neal was not prejudiced.

Also, Neal alleges that counsel at trial made unreasonable admissions. However, he does not specify which admissions were improper and how these admissions would have adversely affected the outcome of the trial.

At his plea hearing, Neal stated that his attorney had explained the charges to him and discussed available defenses, and the theory of the case with him. Furthermore, Neal admitted that he was satisfied with the performance of his counsel, that he believed his counsel was competent, and that he had sufficient time to discuss his case with counsel.

Neal has failed to show that "counsel's performance was deficient" or that the performance "prejudiced the defense." *See Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. Under the *Strickland* standard, Neal was not prejudiced due to ineffective assistance of counsel.

### C. Factual basis for accepting plea

 Neal states that because of his hesitancy and confusion, there was an insufficient factual basis for his guilty plea. However, the court may properly accept a plea of guilty if there is a factual basis regardless of the defendant's reluctance to enter the plea. *North Carolina v. Alford,* 400 U.S. 25, 37–38, 91 S.Ct. 160, 167–168, 27 L.Ed.2d 162 (1970). "An individual accused of a crime may voluntarily, knowingly, and understandably consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." *Id.* at 37, 91 S.Ct. at 167. After his guilty plea was rejected, Neal admitted to his participation in the robbery [2] and his guilty plea was accepted.

---

2. The exchange between Neal and the court proceeded as follows:

> The Court: Do you understand the various elements that the State would have to prove beyond a reasonable doubt in order to convict you of Count I, robbery?
> The Defendant: Yeah.
> The Court: Did you commit this offense, sir?
> The Defendant: Yeah.
> The Court: Tell me what you did.
> The Defendant: Well, I went in there to order a sandwich and then two other guys had come in. They say Walter Bray is the one that had the gun but he's not; it was the other dude that had the gun. And when I seen them pull out the gun I ran out of the store.
> [Defense Counsel]: Did you go in there with them?
> The Defendant: I was there—I went there with them. We was coming back from a party in Council Bluffs. But I told them I want to stop and get me a sandwich. It was about 12 or 1 o'clock in the nighttime. So I went in the store. I went in the store by myself and I asked the man did he—and I was actually—I wanted to put sandwich in one of them Easy–Bake ovens and when I was getting about ready to do that then they came in there with a gun and that's when I ran out of the store and got me a ride home.
> [Defense Counsel]: Did you ride home with them afterwards?
> The Defendant: No, I didn't ride home with them.
> The Court: Based on that, Mr. Neal, I can't accept your guilty plea. We will proceed.

> I'm going to reinstate the plea of not guilty on each charge and we will proceed.
> [Defense Counsel]: Didn't you understand what I—you know, he can't—you're saying you weren't part of the robbery at all. He can't accept the guilty plea under those circumstances.
> The Defendant: Well, I just,—I want to plead guilty.
> The Court: I won't accept it, not unless you tell me that you were involved in that robbery.
> The Defendant: Then I was involved in it.
> The Court: Then tell me what happened, sir. What did you do?
> The Defendant: I went in—I just went in there and ordered me a sandwich and then they came in there with a gun and just held the man up, that's all. I didn't do nothing. TR. 32–33.

After the not guilty plea was reinstated, Neal requested that the jury be removed again to allow him to provide further factual basis for the guilty plea. TR. 34.

> The Court: All right. Now, I have reinstated the plea of not guilty. I don't want to have to go back through the formalities of getting it withdrawn. Do you want to proceed with the plea of guilty from the point we stopped at?
> The Defendant: Yeah.
> The Court: Then go ahead and give me a factual basis.
> The Defendant: Yeah.
> The Court: Tell me what you did in committing the robbery.
> The Defendant: Okay. I went in to distract the man that was running the place.

### D. *Guilty Plea entered voluntarily*

 The court must look at the circumstances of each case to determine whether a plea has actually been entered voluntarily and intelligently. *Hill v. Lockhart,* 474 U.S. 52, 56–57, 106 S.Ct. 366, 369–370, 88 L.Ed.2d 203 (1985). When determining the voluntariness of a guilty plea, the court may consider whether the advice of counsel "was within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970). The trial court shall determine whether the plea was voluntary based on the balancing of the defendant's right to effective assistance of counsel and the court's duty to assure that the defense counsel maintains a proper standard of performance. *Id.*

Neal asserts a lack of understanding of the nature of the proceedings because of nervous anxiety and claims that he lacked the mental capacity to plead to the charges. There was no evidence in the record to support his allegation that he had lacked mental capacity. Without that proper foundation, the guilty plea must remain valid.

Finally, Neal alleges that his plea was entered only at the urging of counsel. Neal failed to show that trial counsel's advice was not within the "range of competence" demanded of criminal attorneys. Although criminal attorneys frequently consider pleas, no information was offered as to which of the attorney's comments or actions resulted in Neal's "involuntary" guilty plea. Merely accepting a guilty plea does not constitute involuntariness.

### E. *Lack of Due Process for refusal to grant continuance for new counsel*

[T]he right to counsel is a shield, not a sword. A defendant has no right to manipulate his right for the purpose of delaying and disrupting the trial. Additionally, it is well settled that a "criminal defendant does not have the absolute right to counsel of his own choosing." Instead, "[s]ubstitution of counsel is a matter committed to the sound discretion of the trial court."

*Meyer v. Sargent,* 854 F.2d 1110, 1113–14 (8th Cir.1988) (citations omitted).

■ The day before the trial Neal attempted to substitute counsel of his choosing for his court appointed attorney. Due to the nature of defendant's comments at his plea concerning his counsel's performance and the overall effectiveness of counsel, we hold that Neal was attempting to use the Sixth Amendment as a sword to delay the proceedings against him, contrary to the intent of the Sixth Amendment.

For these reasons, we affirm.

---

The Court: Okay. Did you know that they were going to hold the place up?
The Defendant: Yeah.
The Court: And was this on or about March 30, 1982?
The Defendant: Yeah.
The Court: And was it at the Town & Country Market on about 25th and Farnum, in Omaha, Douglas County, Nebraska?
The Defendant: Yeah.
The Court: Was money taken from Mr. Loneman, who was running the Town & Country Market there, in charge of it that night?
The Defendant: Yeah.
The Court: And was that the money of the Town & Country Market?
The Defendant: Yeah.
TR. 34.