2 F.3d 1154
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
John Edward MABERRY, Appellant.
 No. 93-1520.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 4, 1993.
Filed: August 19, 1993.
 
 Before FAGG, BOWMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 After his indictment for conspiring to distribute methamphetamine in violation of 21 U.S.C. Sec. 846, John E. Maberry moved to dismiss his court-appointed counsel as unresponsive and to appoint substitute counsel. Following a hearing at which counsel testified that she had met with Maberry several times and had contacted or would contact all of his witnesses before trial, the district court[1] denied the motion but encouraged counsel to improve her level of communication with Maberry. Maberry later pleaded guilty, expressing at the change of plea hearing satisfaction with counsel's representation. He was sentenced to 235 months in prison and now appeals.
 
 
 2
 Maberry argues that the district court abused its discretion in refusing to grant his motion to dismiss counsel, and that he was prejudiced by counsel's continued representation. This contention was waived by Maberry's guilty plea, at which he expressed satisfaction with counsel's services. See United States v. Cox, 985 F.2d 427, 430 (8th Cir. 1993). And in any event, Maberry has failed to demonstrate an abuse of discretion. See United States v. Swinney, 970 F.2d 494, 499 (8th Cir.), cert. denied, 113 S. Ct. 1650 (1992) (justifiable dissatisfaction with appointed counsel includes a conflict of interest, irreconcilable conflict, or a complete breakdown in communication).
 
 
 3
 Maberry also argues that his 235-month sentence is so disproportionate to the seriousness of the offense and his conspirators' sentences that it violates his Eighth Amendment rights. After Harmelin v. Michigan, 111 S. Ct. 2680 (1991), we narrowly review a sentence to determine whether it is grossly disproportionate to the offense. See Neal v. Grammer, 975 F.2d 463, 465 (8th Cir. 1992). It does not violate the Eighth Amendment to sentence Maberry, who has an extensive criminal history that includes other narcotics convictions, at the top of his Guidelines range. See United States v. Gordon, 953 F.2d 1106 (8th Cir.), cert. denied, 113 S. Ct. 170 (1992). A sentence is not disproportionate because it exceeds the sentence of codefendants. See United States v. Granados, 962 F.2d 767, 774 (8th Cir. 1992).
 
 
 4
 The judgment of the district court is affirmed; the government's motion to supplement the record is denied.
 
 
 
 [1]
 The HONORABLE SCOTT O. WRIGHT, Senior United States District Judge for the Western District of Missouri