No. 94-3840

United States of America,      *
                               *
          Appellee,            *
                               *  Appeal from the United States
     v.                        *  District Court for the
                               *  Eastern District of Missouri.
James Frederick Clark,         *       [UNPUBLISHED]
                               *
          Appellant.           *

Submitted:  December 14, 1995

Filed:  December 26, 1995

Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.

PER CURIAM.

     James Frederick Clark challenges the 193-month sentence imposed on
him by the district court[1] following his guilty plea to possessing
methamphetamine with intent to distribute, in violation of 21 U.S.C.
§ 841(a)(1), (b)(1)(A).  For reversal, Clark argues that the district court
did not recognize its authority to depart downward under U.S.S.G. § 4A1.3
(stating in relevant part that district court may depart from applicable
Guidelines range if reliable information indicates that defendant's
criminal history category does not adequately reflect seriousness of
defendant's past criminal conduct or likelihood that defendant will commit
other crimes).  We affirm.

     In his objections to the presentence report, Clark complained that
his convictions for driving on a revoked or suspended license

---

[1]The Honorable George F. Gunn, Jr., United States District
Judge for the Eastern District of Missouri.

added 60 months' imprisonment to his sentence, resulting in a sentence that violated the Eighth Amendment.  At sentencing, Clark argued that because his collection of "minor misdeeds" had resulted in an additional five years' imprisonment, "imposition of sentence under the guidelines" was extremely punitive.

We may not review a district court's decision not to depart downward under section 4A1.3 so long as when the district court was aware of its authority to do so.  See United States v. Hall, 7 F.3d 1394, 1396 (8th Cir. 1993).  Assuming that Clark sufficiently alerted the district court that he was seeking a section 4A1.3 departure, and thus preserved the issue for appeal, we are persuaded that the district court understood its authority to depart under section 4A1.3.  Even if the district court misunderstood its authority, we believe that the court's imposition of a sentence well above the bottom of the applicable range indicates that the court would not have been inclined to depart.  Cf. Williams v. United States, 503 U.S. 193, 201-04 (1992) (where district court departs based on both proper and improper factors and thus misapplies Guidelines, remand is required unless reviewing court concludes on basis of whole record that error was harmless).

Clark also argues that his sentence is disproportionate to his offense and thus violates the Eighth Amendment.  This argument fails.  See Neal v. Grammar, 975 F.2d 463, 465 (8th Cir. 1992) (future of proportionality test is uncertain; this court narrowly reviews sentence to determine if it is grossly disproportionate and will not disturb sentence within statutory limit absent abuse of discretion); cf. Harmelin v. Michigan, 501 U.S. 957, 994, 1009 (1991) (life sentence without parole for first offense of cocaine possession does not violate Eighth Amendment).

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.