# UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1227
_____

UNITED STATES OF AMERICA,        *
        *
        Plaintiff-Appellee        *
        *    Appeal from the United States
        v.        *    District Court for the District
        *    Of South Dakota
WENDELL PAUL WHITE MAGPIE        *    [UNPUBLISHED]
        *
        Defendant-Appellant        *

_____

Submitted: June 8, 1998
Filed: July 28, 1998
_____

Before LOKEN, Circuit Judge, GODBOLD,* and HEANEY, Senior Circuit Judges.

_____

PER CURIAM:

The defendant was convicted by a jury of three counts of aggravated sexual abuse of a child and one count of abusive sexual contact with a child, in violation of 18 U.S.C. § 2241(c) and 2244(a)(1). The victims were the defendant's six year old

---

*The HONORABLE JOHN C. GODBOLD, United States Senior Circuit Judge for the Eleventh Circuit, sitting by designation.

daughter (Count III), five year old son (Count I & II), and four year old daughter (Count IV).

The defendant appeals the judgment. He contends that the evidence was insufficient to support his conviction, that his Confrontation Clause rights were violated and that his sentence is so excessive as to violate the Eighth Amendment.

The court did not err in denying defendant's motion for judgment of acquittal based on alleged insufficiency of the evidence to convince the jury beyond a reasonable doubt that the defendant was guilty. Medical testimony tended to show injury to the genital area of one child and the rectal area of another child. The six-year-old testified that she had been touched by her father in a manner that hurt her. She marked diagrams of a female and male body with X's to show where she had been touched and by what part of her father's body.

Moreover, in a handwritten confession the defendant graphically admitted sexually abusing the children. There was no objection to the admission of the confession into evidence. Also testimony described blankets lying on the floor of the basement, the site of one of the abusive incidents, and having on them human blood. Defendant's confession referred to the basement as the scene of the occurrences and to the blankets. This evidence is not made less than sufficient by evidence that on a single occasion, some six months before the trial during a medical examination of the

2

children, their mother made a single remark that might tend to indicate that she was prompting one of the children in what to say.

The defendant suggests that the Confrontation Clause may have been violated by permitting hearsay statements made by one or more of the children. The alleged statements are not specifically identified. In any event two of the children took the stand and submitted to cross-examination, which made the Confrontation Clause no obstacle. See California v. Green, 399 U.S. 149, 153 (1970); U.S. v. Spotted War Bonnet, 933 F.2d 1471, 1473 (8th Cir. 1991)( "The confrontation clause presents an obstacle to admitting hearsay statements only when the child does not testify in the state's case either because of unavailability or by choice of the prosecution.").

The government placed the name of the mother on its witness list. During trial government counsel concluded that her testimony would be unreliable and cumulative, therefore he decided not to call her as witness. The defendant contends that the Confrontation Clause was violated because notice was too short for him to subpoena her. The court considered this issue when raised by defendant's motion for new trial. It denied the motion on the ground that defense counsel was bound to anticipate the possibility that a listed witness might not be called and should have timely requested a subpoena as to all witnesses considered to be important. The district court also noted that defense counsel made no request for a continuance in

3

order to secure the mother's presence. The court did not err or abuse its discretion

Defendant was sentenced to 236 months on Counts I, II, and III, concurrent with 120 months on Count IV, followed by five years of supervised release. He will be approximately 75 years old when released. The sentence is within statutory limits of 18 U.S.C. § 2241, which allows any term of years up to life imprisonment. The sentence is severe, but we cannot say that it violates the Eighth Amendment proscription against cruel and unusual punishment. Bearing in mind the repeated offenses, and the fact that the victims were defendant's own children of tender years, we cannot say that the sentence was grossly disproportionate. See Neal v. Grammar, 975 F.2d 463, 465 (8th Cir. 1992) ("[T]he Eighth Circuit narrowly reviews a sentence to determine whether the sentence 'is grossly 'disproportioned' to the crime.'"). Nor does the fact that the sentence may exceed defendant's life expectancy violate the Eighth Amendment. See U.S. v. Mendoza, 876 F.2d 639, 640 (8th Cir. 1989)(holding that as long as a sentence is within the range provided by statute it is not reviewable by an appellate court even where it exceeds a defendant's life expectancy).

The conviction and the sentence must be, and are, AFFIRMED.

A TRUE COPY.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

4