# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3595

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Angelo M. Brown, also known as Low, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: April 7, 1999
Filed: April 13, 1999

_____

Before McMILLIAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Angelo M. Brown pleaded guilty to conspiring to distribute, and to possess with intent to distribute, cocaine base (i.e., "crack cocaine") and cocaine, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2. Over Brown's objection, the district court[1] assigned Brown one criminal history point each for three prior state convictions for possessing less than one ounce of marijuana. The court then sentenced him to 124 months imprisonment and five years supervised release. On appeal, Brown argues that his sentence was excessive, and his marijuana-possession convictions should

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

have been considered only as character evidence because they were "minor infractions." We affirm.

Circuit precedent forecloses any contention that the three marijuana-possession convictions should not have been counted for purposes of calculating Brown's criminal history score merely because they were allegedly minor infractions. See United States v. Jenkins, 989 F.2d 979, 979-80 (8th Cir. 1993) (defendant's convictions for possession of less than one ounce of marijuana in Nebraska state court were properly included in criminal history score). We also note Brown was either represented by counsel or waived his right to counsel in each proceeding, and he was not sentenced to any term of confinement but was only fined. See U.S. Sentencing Guidelines Manual § 4A1.2, comment. (backg'd) (1998) (uncounseled misdemeanor sentences where imprisonment was not imposed are to be counted in criminal history score).

To the extent Brown is arguing that his sentence was so excessive as to violate the Eighth Amendment, this argument is also without merit. See Neal v. Grammer, 975 F.2d 463, 465 (8th Cir. 1992) (this court narrowly reviews sentence to determine if it is grossly disproportionate and will not disturb sentence within statutory limit absent abuse of discretion); cf. United States v. Mendoza, 876 F.2d 639, 640-41 (8th Cir. 1989) (mandatory minimum penalties for drug offenses do not violate Eighth Amendment's prohibition on cruel and unusual punishments).

Accordingly, the judgment is affirmed.

A true copy.

Attest:

      CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.