# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-2631

———————

United States of America,            *
                                     *
        Plaintiff - Appellee,        *
                                     *   Appeal from the United States
v.                                   *   District Court for the
                                     *   Eastern District of Arkansas.
Brian Atteberry,                     *
                                     *
        Defendant - Appellant.       *

———————

Submitted: January 9, 2006
Filed: May 3, 2006

———————

Before LOKEN, Chief Judge, HANSEN and MELLOY, Circuit Judges.

———————

LOKEN, Chief Judge.

In February 2004, federal and state agents conducted a warrant search of Brian Atteberry's residence. They seized a computer and floppy disks containing 300 to 600 images of child pornography and documents containing stories and letters written by Atteberry about abducting little girls and holding them as sexual hostages. When questioned after his arrest, Atteberry admitted having sexual contact with a four-year-old girl two years earlier. He was charged with and pleaded guilty to one count of distributing child pornography in violation of 18 U.S.C. § 2252(a)(1). Prior to his May 2005 sentencing, Atteberry was convicted in state court and sentenced to eighty years in prison for attempted sexual abuse, based upon his post-arrest admission, and for possession of child pornography, based upon pornographic writings found during

the warrant search. The district court[1] sentenced Atteberry to 120 months in prison to be served consecutively to his undischarged state sentence. Atteberry appeals, arguing that the district court erred in imposing a consecutive sentence and that his sentence is unreasonable and violates the Eighth Amendment's prohibition against cruel and unusual punishment. We affirm.

Section 5G1.3 of the Guidelines addresses whether a federal sentence should be made concurrent with or consecutive to an undischarged prison term. Subsection (a) prescribes when the federal sentence "shall be imposed to run consecutively." Subsection (b) prescribes when the federal sentence must be concurrent. Subsection (c) provides that "[i]n any other case . . . the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively."

Atteberry first argues that the district court erred in imposing a consecutive sentence because a concurrent sentence was mandated by U.S.S.G. § 5G1.3(b), which applies if "a term of imprisonment resulted from another offense that is relevant conduct to the instant offense . . . and that was the basis for an increase in the offense level for the instant offense." This contention was not made in the district court and therefore we review it for plain error. Atteberry concedes that his state court conviction for attempted sexual abuse was not relevant conduct to his federal offense. But he argues that his state court conviction for pornography possession was relevant conduct because it was based, at least in part, on writings printed out from the computer and floppy disks seized in the warrant search and essential to his federal conviction. We need not consider the relevant conduct issue because, even if that part of his state offense was relevant conduct, it was not the basis for an increase in the offense level used to determine Atteberry's guidelines range sentence. He received enhancements for images of prepubescent minors, pornography distribution, images

_____

[1]The HONORABLE WILLIAM R. WILSON, United States District Judge for the Eastern District of Arkansas.

portraying sadistic or masochistic conduct, use of a computer, and 300 or more images. See U.S.S.G. §§ 2G2.2(b)(1), (2)(E), (3), (5), (6)(C). Thus, his offense level "was increased because of the defendant's conduct in the commission of the federal offense and not for his conduct in the state offenses." United States v. Terry, 305 F.3d 818, 826 (8th Cir. 2002), citing United States v. Tisdale, 248 F.3d 964, 976-77 (10th Cir. 2001). There was no plain error.

Atteberry next argues that the district court abused its discretion under § 5G1.3(c) by imposing a consecutive rather than a concurrent federal sentence. The now-advisory Guidelines give only the most general guidance to district courts in exercising this discretion. See U.S.S.G. § 5G1.3, comment, (n.3). Thus, after Booker, the principal issue for our review is whether a consecutive sentence was reasonable. See United States v. Shafer, 438 F.3d 1225, 1227 (8th Cir. 2006); United States v. Meyers, 401 F.3d 959, 962 (8th Cir. 2005).

When prison terms for multiple offenses are imposed at different times, the governing statute encourages consecutive sentencing. See 18 U.S.C. § 3584(a); United States v. Mayotte, 249 F.3d 797, 799 (8th Cir. 2001). The objective is "to achieve a reasonable incremental punishment for the instant offense and avoid unwarranted disparity." U.S.S.G. § 5G1.3, comment, (n.3). Here, the district court explained that Atteberry's state and federal convictions were separate, that "he needs something on the end of the state [sentence] for what he pled guilty to here," and that the total combined sentence was appropriate. Given the nature and severity of Atteberry's crimes, we agree and therefore conclude that the 120-month consecutive sentence was not unreasonable.

Finally, Atteberry argues that his sentence constitutes cruel and unusual punishment that violates the Eighth Amendment. We disagree. "The Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime." United States v. Collins, 340 F.3d 672, 679 (8th Cir. 2003) (quotations

omitted). "A sentence within the statutory limits is generally not subject to [Eighth Amendment] review." United States v. Boone, 869 F.2d 1089, 1092-93 (8th Cir.), cert. denied, 493 U.S. 822 (1989). Here, the sentence imposed was well within the statutory limits and the appropriate guidelines range for Atteberry's federal offense. The fact that the sentence was imposed to run consecutively to his undischarged sentence for different state crimes does not make the federal sentence grossly disproportionate for Eighth Amendment purposes. Cf. Neal v. Grammar, 975 F.2d 463, 464-65 (8th Cir. 1992).

The judgment of the district court is affirmed.

_____