# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3145

_____

United States of America,      *
     *
     Appellee,      *
     *     Appeal from the United States
     v.      *     District Court for the
     *     Western District of Missouri.
Mark W. Caldarello,      *
     *        [UNPUBLISHED]
     Appellant.      *

_____

Submitted: August 25, 2006
Filed: September 5, 2006

_____

Before RILEY, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Mark W. Caldarello (Caldarello) appeals the sentence imposed by the district court[1] after he pled guilty to conspiring to distribute methamphetamine, in violation of 21 U.S.C. §§ 841 and 846 (Count 1); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 5). The court sentenced Caldarello to concurrent prison terms of 132 months and 120 months, followed by concurrent supervised release terms of 5 years and 3 years. On appeal, Caldarello challenges the district court's enhancement of his sentence under U.S.S.G. § 2D1.1(b)(1) (two-level

_____

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

increase for possession of firearm), arguing he was not in actual or constructive possession of the firearm during the commission of the drug offense. Caldarello also argues for the first time that applying the firearm enhancement when the firearm transaction was prompted by an undercover detective's unsolicited inquiry violates his Due Process rights.

The government moved to dismiss Caldarello's appeal based upon an appeal waiver in his plea agreement. Upon review of the plea agreement, we hold that Caldarello's challenge to the firearm enhancement is not within the scope of the appeal waiver.

We further hold that the undisputed facts show Caldarello constructively possessed the gun during the drug conspiracy offense by exercising dominion and control over the vehicle used to transport the firearm and the drugs to the site of the drug sale. See United States v. Williams, 10 F.3d 590, 595 (8th Cir. 1993) (constructive possession includes dominion over premises); United States v. Luster, 896 F.2d 1122, 1129 (8th Cir. 1990) (constructive possession of item is defined as "ownership, dominion, or control over the item itself, or dominion over the premises where the item is located" (internal quotations and citations omitted)). Even though Caldarello showed the gun only after completing the sale of the methamphetamine, the gun was in a box and it may not have been loaded, we conclude the district court did not clearly err in finding Caldarello possessed the gun within the meaning of section 2D1.1(b)(1). See United States v. Tauil-Hernandez, 88 F.3d 576, 580 (8th Cir. 1996) (in conspiracy cases, sufficient nexus is established for dangerous-weapon enhancement if "the weapon was found in the same location where drugs or drug paraphernalia were stored, or where part of the conspiracy took place" (citation omitted)). Additionally, we conclude Caldarello's due process argument does not establish plain error. See United States v. Atteberry, 447 F.3d 562, 564 (8th Cir. 2006) (contention not made in district court reviewed for plain error); United States v. Streeter, 907 F.2d 781, 786-87 (8th Cir. 1990) (where government's conduct was

not outrageous and defendant pled guilty, such government conduct as it might relate to due process violation or entrapment defense is no longer material to defendant's guilt and thus should not mitigate sentence), <u>overruled on other grounds by</u> <u>United States v. Wise</u>, 976 F.2d 393 (8th Cir. 1992) (en banc).

Accordingly, we deny the government's motion to dismiss the appeal and affirm.

_____