# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2640

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Shannon D. West, | * | District of Nebraska. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

_____

Submitted: September 7, 2006
Filed:  September 18, 2006

_____

Before MURPHY, BYE, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Shannon West challenges the 41-month prison sentence the district court[1] imposed after he pleaded guilty to being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1).  For reversal, West argues his sentence is unreasonable, because (1) the district court did not grant credit against the sentence for time he served while state charges against him were pending, (2) the court did not run his sentence concurrently with his state probation-revocation sentence, and (3)

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

in making that decision the court clearly erred in balancing the 18 U.S.C. § 3553(a) sentencing factors.

West's arguments are unavailing. The record shows that the district court carefully considered the relevant circumstances in this case and other appropriate sentencing factors, therefore, we cannot say that the court abused its discretion or imposed an unreasonable sentence when it refused to run West's sentence concurrently with his undischarged state sentence, see U.S.S.G. § 5G1.3(c), p.s. & comment. (n.3(A) & (C)); United States v. Mathis, 451 F.3d 939, 940 (8th Cir. 2006) (§ 5G1.3(c) provides court wide discretion to order federal sentence to run consecutively to undischarged state sentence); cf. United States v. Atteberry, 447 F.3d 562, 564 (8th Cir. 2006) (noting that principal issue for appellate review is whether consecutive sentence is unreasonable, and holding that consecutive sentence was not unreasonable given defendant's crimes and district court's explanation that defendant's state and federal convictions were separate, that defendant required incarceration following discharge of his state sentence, and that total combined sentence was appropriate).

Accordingly, we affirm.

_____