NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0477n.06
Filed: July 3, 2007

Case No. 05-6941

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| JOHN DOE, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: BATCHELDER and GRIFFIN, Circuit Judges, and PHILLIPS,[*] District Judge.

ALICE M. BATCHELDER, Circuit Judge. John Doe brutally and sadistically raped his

eight-year old daughter, and videotaped the crime. By all accounts, the video is horrifying. Doe was

tried and convicted in Tennessee state court, and sentenced to 45 years in state prison. He was

indicted by a federal grand jury on, and pled guilty to, charges of Child Pornography (Possession of

a Videotape, Shipped in Interstate Commerce, Containing Images of a Minor Involved in Sexually

Explicit Conduct) in violation of 18 U.S.C. § 2252(a)(4)(B), Sexual Exploitation of a Child (Use of

Parental Control to Coerce a Minor to Engage in Sexually Explicit Conduct for the Purpose of

Producing Visual Depictions of Such Conduct on a Videotape Shipped in Interstate Commerce), in

violation of 18 U.S.C. § 2251(b), and Criminal Forfeiture, in violation of 18 U.S.C. § 2253.

At the sentencing hearing, the court noted that the statutory maximum sentence was 480

---

[*]The Honorable Thomas W. Phillips, United States District Judge for the Eastern District of Tennessee, sitting by designation.

months' incarceration (120 months for child pornography and 360 months for sexual exploitation of a child, to be served consecutively). The court acknowledged that the guidelines were only advisory and calculated Doe's offense level at 43 and his criminal history at III, noting that the resulting guideline recommendation was life imprisonment. The court discussed and considered the 18 U.S.C. § 3553(a) factors; explained that because the recommended guidelines sentence was greater than the statutory maximum, the court could not impose that guidelines sentence but was limited to the statutory maximum; noted that Doe was currently serving 45 years in state prison for the rape; and repeated that the guidelines were merely advisory. Doe's counsel made no objections at the hearing, and requested only that the sentence be imposed to run concurrently with the existing state sentence. Ultimately, the court sentenced Doe to 468 months (the statutory maximum less state time already served) to be served concurrently with the state sentence.

Doe now argues that the district court erroneously believed that under *United States v. Booker*, 543 U.S. 220 (2005), it was to impose a "reasonable" sentence. In support of this assertion, Doe cites *United States v. Foreman*, 436 F.3d 638, 644 fn.1 (6th Cir. 2006), for the proposition that "[t]he issue before the district court was not whether a Guideline sentence was 'reasonable' under each of the § 3553(a) factors, but whether the court 'accomplished its task' under § 3553(a)(2) to 'impose a sentence sufficient, but not greater than necessary, to comply with the purposes' of the statute." Citing extensive case law that governs how sentencing post-*Booker* is to be done, Doe concludes that the court imposed a sentence that was greater than necessary to comply with the purpose of 18 U.S.C. § 3553(a). Notably, but not surprisingly, Doe does not point to a single fact to support his contention. In fact, the record manifestly refutes his claim.

The record demonstrates that this sentencing was conducted in exactly the manner we require

in order to comply with *Booker*. The district court properly calculated an advisory guideline range and considered on the record the § 3553 factors, so that it could impose a sentence sufficient to comply with the purposes of the statute. *See*, *e.g.*, *United States v. Cage*, 458 F.3d 537, 540 (6th Cir. 2006). After doing so, the court did not apply the advisory guideline sentence (life imprisonment), but rather, the statutory maximum, which it carefully explained was the appropriate sentence in light of the "horrendous" nature of the crime, the purposes of the statute, the court's concern that the defendant would commit similar crimes against his children, the need to deter other men from committing such crimes, and the defendant's need for serious psychological counseling. We find no error whatsoever in this sentencing proceeding.

Doe's allegation on appeal that the court misapprehended its duty, believing that it was to impose a "reasonable" sentence rather than a sentence that is "sufficient but not greater than necessary" to comply with the requirements of § 3553(a)(2), is, to put it charitably, frivolous. First, the word "reasonable" does not even appear in the transcript of the sentencing proceedings. Even if the district court had used that term, we have made it clear that a sentencing court does not "err[] by recognizing that this Circuit will accord a presumption of reasonableness to a sentence within the recommended Guidelines range." *Cage*, 458 F.3d at 541. Finally, the district court in fact explained in great detail why the statutory maximum sentence was not only appropriate but necessary in light of the advisory sentencing guidelines and the § 3553(a) factors.

As the government points out, Doe has not developed this argument or cited to any facts that would support it, either on appeal or at the sentencing hearing. At sentencing, Doe raised no objections and made only one request: that the federal sentence run concurrent with the state sentence. Although the court granted that request, it would have been justified in denying this

3

request and ordering the federal sentence to run consecutively to the state sentence. *See*, *e.g.*, *United States v. Atteberry*, 447 F.3d 562, 564 (8th Cir. 2006); *United States v. Bidwell*, 393 F.3d 1206, 1210 (11th Cir. 2004); *United States v. Ludwig*, 104 Fed. Appx. 145, 146 (10th Cir. July 1, 2004) (unreported). Under the undisputed facts of this case, we would have been hard-pressed to find such a result unreasonable.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.