# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 06-2766

———————

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * |
| v. | *   Appeal from the United States |
| | *   District Court for the |
| Dewayne Laverdo Hamilton, | *   Eastern District of Arkansas. |
| | * |
| Appellant. | *        [UNPUBLISHED] |
| | * |

———————

Submitted: August 31, 2007
Filed: September 4, 2007

———————

Before BYE, RILEY, and MELLOY, Circuit Judges.

———————

PER CURIAM.

Dewayne Hamilton pleaded guilty to conspiring to obstruct interstate commerce by robbery (Hobbs Act robbery), in violation of 18 U.S.C. § 1951; conspiring to brandish a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), (o); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court[1] thereafter noted its consideration of the 18 U.S.C. § 3553(a) factors and sentenced Hamilton to concurrent 49-month prison terms

———————

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

on the robbery and felon-in-possession counts (using an advisory Guidelines range of 46-57 months), and a mandatory consecutive 84-month term on the brandishing count, see 18 U.S.C. § 924(c)(1)(A)(ii), (D)(ii), for a total of 133 months in prison, to be followed by 5 years of supervised release. The court noted that the 133-month sentence was to run concurrently with an undischarged state robbery sentence, with credit for time served. Hamilton appeals, and in a brief under Anders v. California, 386 U.S. 738 (1967), counsel asks this court to find the sentence unreasonable, or cruel and unusual in violation of the Eighth Amendment. In a pro se letter, Hamilton also raises a double jeopardy issue.

We review a sentence for reasonableness, and a sentence within the correctly calculated Guidelines range is presumptively reasonable. See United States v. Lincoln, 413 F.3d 716, 717-18 (8th Cir. 2005); see also U.S.S.G. § 5G1.1(b) (where statutorily required minimum sentence is greater than maximum of applicable Guidelines range, statutorily required minimum sentence shall be Guidelines sentence); Rita v. United States, 127 S. Ct. 2456, 2462 (2007) (approving presumption). We see no basis in the record for concluding that Hamilton's sentence is unreasonable. See United States v. Two Shields, 2007 WL 2301911, at *5 (8th Cir. Aug. 14, 2007) (defendant overcomes presumption of reasonableness if district court failed to consider relevant factor that should have received significant weight, gave significant weight to improper or irrelevant factor, or weighed appropriate factors in clearly erroneous way). In addition, his sentence does not amount to cruel and unusual punishment, see United States v. Atteberry, 447 F.3d 562, 565 (8th Cir. 2006), or constitute a double jeopardy violation, see United States v. Leathers, 354 F.3d 955, 959-60 (8th Cir. 2004).

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no non-frivolous issues for appeal. Accordingly, we affirm, and we grant counsel leave to withdraw.

_____