# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3840

_____

United States of America,       *
                                *
            Appellee,           *
                                *    Appeal from the United States
     v.                         *    District Court for the
                                *    Western District of Missouri.
Scott L. Grass,                 *
                                *    [UNPUBLISHED]
            Appellant.          *

_____

Submitted: October 4, 2007
Filed: October 9, 2007

_____

Before BYE, RILEY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Scott L. Grass appeals the 235-month prison sentence the district court[1] imposed after he pleaded guilty to distributing more than 500 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. In a brief filed under Anders v. California, 386 U.S. 738 (1967), Grass's counsel seeks to withdraw raising as a possible issue whether the sentence is unreasonable or violative of the Eighth Amendment.

_____

[1]The Honorable Otrie D. Smith, United States District Judge for the Western District of Missouri.

Grass pleaded guilty pursuant to a plea agreement that contained a waiver of his right to appeal the sentence. We will enforce the appeal waiver here. The record reflects that Grass understood and voluntarily accepted the terms of the plea agreement, including the appeal waiver; the appeal falls within the scope of the waiver; and no injustice would result. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (discussing enforceability of appeal waiver); United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in Anders case). Even if his Eighth Amendment argument could be deemed to fall within the appeal waiver's exception for an "illegal sentence," that argument has no merit. See United States v. Atteberry, 447 F.3d 562, 565 (8th Cir. 2006) (Eighth Amendment forbids only extreme sentences that are grossly disproportionate to crime; sentence within statutory limits is generally not subject to Eighth Amendment review).

Having reviewed the record independently pursuant to Penson v. Ohio, 488 U.S. 75, 80 (1988), for any nonfrivolous issue not covered by the waiver, we find none. Accordingly, we dismiss the appeal, and we grant counsel's motion to withdraw.

_____