# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1482

_____

United States of America

*Plaintiff - Appellee*

v.

Roseshell Hamilton

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: November 10, 2014
Filed: November 18, 2014
[Unpublished]

_____

Before BYE, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Roseshell Hamilton was sentenced on October 6, 2010, in Arkansas state court, for delivery and possession of methamphetamine with the intent to deliver. She was paroled on October 10, 2012, with a parole discharge date of April 27, 2020. She violated her parole on February 13, 2013, by possessing methamphetamine with

intent to distribute, and on February 20, 2013, the state moved to revoke her state parole.

Hamilton was indicted in federal court on March 11, 2013, for the actions that also violated her state parole. Her parole was revoked on May 17, 2013, leading to a six-year state prison sentence. Hamilton also pleaded guilty in federal court on July 8, 2013, to possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). She was sentenced on February 7, 2014, to 120 months' imprisonment and 3 years' supervised release.

On appeal, Hamilton contends the district court[1] erred by failing to mention at sentencing whether her federal sentence was to be served concurrently or consecutively with her state sentence. She failed to raise this objection before the district court, so we review the district court's actions for plain error.[2] United States v. Miller, 557 F.3d 910, 916 (8th Cir. 2009) ("Procedural sentencing errors are forfeited, and therefore may be reviewed only for plain error, if no objection was raised in the district court."). "To establish plain error, [the defendant] must prove that (1) there was error, (2) the error was plain, and (3) the error affected [her] substantial rights." Id. "We will exercise our discretion to correct such an error only if the error seriously affects the fairness, integrity, or public reputation of judicial

---

[1]The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas.

[2]Hamilton's attorney did mention at sentencing that Hamilton "has a state charge in which she has been sentenced, and I believe she's been sentenced first in that case, so I guess the state has her first. So she's getting this punishment that you will affix today, plus some punishment the state's given to her. I would ask the Court to take those things into consideration as it – as it sentences her." Thus, it appears Hamilton's attorney understood that Hamilton's federal sentence would run consecutive to her state sentence, and he asked the district court to take that "into consideration" when imposing her sentence.

proceedings." Id. (quotation and alteration omitted). "In the sentencing context, an error was prejudicial only if there is a reasonable probability that the defendant would have received a lighter sentence but for the error." Id.

### 1. Section 5G1.3(b)

Under United States Sentencing Guidelines § 5G1.3(b), a defendant's federal sentence should run concurrently to "a term of imprisonment result[ing] from another offense that is relevant conduct to the instant offense of conviction under . . . § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two . . . or Chapter Three." Thus, to establish the applicability of § 5G1.3(b), Hamilton must prove that the conduct for which she was sentenced in state court is relevant conduct to the federal offense and resulted in an increase to her federal sentence under the specified Guidelines.

Hamilton is correct that her state revocation of parole was because of her acts on February 13, 2013, and that her federal indictment, conviction, and sentence were based on her actions on that date. The fact that Hamilton's offense conduct supporting her federal conviction also served as the basis for revoking her state parole, however, "does not make the state conviction 'relevant conduct' to the federal conviction for purposes of section 5G1.3(b)." United States v. Jones, 628 F.3d 1044, 1049 (8th Cir. 2011); see also United States v. Woods, 717 F.3d 654, 657–58 (8th Cir. 2013); United States v. Broadnax, 536 F.3d 695, 702 (7th Cir. 2008); United States v. Contreras-Martinez, 409 F.3d 1236, 1239–40 (10th Cir. 2005); United States v. Fifield, 432 F.3d 1056, 1062–63 (9th Cir. 2005). In addition, her state conviction did not increase the offense level for her federal conviction. See USSG § 5G1.3(b). The district court did not err by not applying the concurrent sentencing rules under § 5G1.3(b), because that section does not apply to the facts of Hamilton's case.

## 2. Section 5G1.3(c)

Under § 5G1.3(c), the district court has discretion to make a defendant's sentence run concurrent or consecutive to another undischarged term of imprisonment. As noted in the commentary to that section, however, "[c]onsistent with the policy set forth in Application Note 4 and subsection (f) of § 7B1.3 (Revocation of Probation or Supervised Release), the Commission recommends that the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation." USSG § 5G1.3(c) cmt. n.3(C). Had the district court considered on the record whether § 5G1.3(c) applied, the express recommendation would have been to run the sentences consecutively—which is what the district court did in this case. Thus, even if we assume for purposes of analysis that the district court erred in not expressly considering and discussing this guideline provision at sentencing, Hamilton fails to demonstrate that there is a reasonable probability she would have received a lighter sentence if the district court had done so. See United States v. Atteberry, 447 F.3d 562, 564 (8th Cir. 2006); see also 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.").

For the reasons above, we affirm.

_____