# United States Court of Appeals

### For the Eighth Circuit

_____

No. 19-2287

_____

United States of America

*Plaintiff - Appellee*

v.

Reymundo Sauceda

*Defendant - Appellant*

_____

No. 19-3328

_____

United States of America

*Plaintiff - Appellee*

v.

Reymundo Sauceda

*Defendant - Appellant*

_____

Appeals from United States District Court
for the District of South Dakota - Sioux Falls

_____

Submitted: April 17, 2020
Filed: May 26, 2020

_____

Before LOKEN, SHEPHERD, and ERICKSON, Circuit Judges.

_____

ERICKSON, Circuit Judge.

In this consolidated appeal, Reymundo Sauceda challenges the substantive reasonableness of two separate sentences. He entered an open plea to conspiracy to distribute 500 grams or more of a mixture and substance containing methamphetamine and 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. While that case was pending, Sauceda and others were indicted in a different case on a charge of obstruction of justice for retaliating against a witness, in violation of 18 U.S.C. §§ 1513(b)(2) and 2. The district court[1] sentenced Sauceda to a term of 360 months' imprisonment, the low end of the applicable guidelines range, on the drug offense and a consecutive term of 60 months' imprisonment for obstruction. Sauceda contends on appeal that the 360-month sentence is substantively unreasonable and because he will be 70 years old when he finishes serving the first sentence, the court's consecutive sentence on the obstruction offense was "unnecessary and unreasonable." We affirm.

## I.    Background

On July 26, 2016, Sauceda was arrested on the instant drug conspiracy offense. He was held in the Yankton (South Dakota) County Jail along with other federal detainees. On July 20, 2018, a witness entered Sauceda's cell to discuss the witness's

_____

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

-2-

pending federal drug case and cooperation with law enforcement. Video surveillance showed Sauceda hitting the witness in the face several times. The witness reported to law enforcement that just before the assault, he was asked, "What's going on with your case?" Before the witness could answer, Sauceda and two inmates punched him in the face. When the witness dropped to the floor, Sauceda and another inmate kicked and stomped on the witness's head. The witness sustained a fracture above his nose, abrasions, significant swelling on and around his face, and bruising on his face, back, and stomach. Sauceda admitted that the assault was in retaliation for what the witness had said about a third-party co-defendant, who was a close friend of Sauceda, and for the information the witness had provided to law enforcement.

Sauceda's sentencing hearing on the drug offense was held on June 10 and 11, 2019. He put the government to its proof on drug quantity, role in the offense, and relevant conduct because, according to the court, Sauceda "basically objected to every single factual statement" in the Presentence Investigation Report ("PSIR"). After considering the evidence and the parties' arguments, the court determined Sauceda's total offense level was 42 and he was in criminal history category IV, which yielded an applicable advisory guidelines range of 360 months to life. The court declined to grant Sauceda's motion for a downward departure finding that Sauceda's family ties and responsibilities were not outside of the heartland of cases and the time Sauceda spent in county jails was the result of his failure to get along with counsel and his multiple requests for new counsel as the trial date approached. The court also declined to vary downward from the guidelines, explaining that even though Sauceda's history demonstrated that he had started out as a hard worker, once he was getting into trouble, Sauceda "started plotting [his] next crime" rather than change his life. The court noted that the sentencing drivers were Sauceda's criminal history, the extensive quantity of drugs involved in the conspiracy, and the co-conspirators' ties to a gang in Texas.

Approximately four months later, the court sentenced Sauceda on the obstruction by witness retaliation charge. Sauceda's advisory guidelines range on this offense was 57 to 71 months, which was based on a total offense level of 19 and criminal history category V. Sauceda made two requests at sentencing: (1) the court sentence at the low end of the guidelines range, and (2) the sentence run concurrently with his drug conspiracy sentence. The court, after viewing the surveillance video from the county jail, described the assault as "last[ing] for a long time" and it was "pretty clear" that Sauceda was "the ring leader of what was going on in [his] cell." The court recounted the victim's injuries and noted that "the beating" continued even after another co-defendant left the cell. The court imposed a consecutive 60-month sentence.

## II.    Discussion

Sauceda contends the court procedurally erred when it declined, in part, to grant a downward departure for the time Sauceda spent in county jails. Sauceda asserts the court erred in finding that he was responsible for the trial delays. We review a district court's factual findings for clear error. United States v. Luscombe, 950 F.3d 1021, 1031 (8th Cir. 2020) (quotation and citation omitted). The record reveals that early in the case two attorneys were granted permission to withdraw shortly after their appointment because they discovered a conflict of interest. A lawyer without a conflict was appointed and after several months, Sauceda contacted the court saying he was unhappy that counsel was not filing the pretrial motions he wanted filed. After approximately seven months, defense counsel eventually moved to withdraw, averring that despite his "best good faith efforts" to provide Sauceda with effective assistance of counsel, the relationship had become irreconcilable. The court permitted the withdrawal and appointed another attorney for Sauceda.

Six weeks before the rescheduled trial date, Sauceda again wrote to the court asking for a different attorney. After his request was denied, Sauceda renewed his

request at least two more times, citing various reasons including, as examples, that his fourth appointed counsel was not filing the motions he wanted filed, was not adequately consulting with him, was unprepared for hearings, had not prepared his defense for trial, and had coerced him to sign speedy trial waivers. At one point, Sauceda stated that he was not going to accept visits from counsel. The district court's factual findings that the case was delayed because Sauceda refused to get along with his appointed counsel and made multiple requests for new counsel were consistent with the record and not clearly erroneous.

We next turn to Sauceda's claim that his sentence for conspiracy to distribute controlled substances is substantively unreasonable. We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard, and we presume that a sentence imposed within the advisory guidelines range is reasonable. United States v. Black, 670 F.3d 877, 882 (8th Cir. 2012). "A district court abuses its discretion 'when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits clear error of judgment in weighing those factors.'" United States v. Werlein, 664 F.3d 1143, 1146 (8th Cir. 2011) (per curiam) (quoting United States v. Miner, 544 F.3d 930, 932 (8th Cir. 2008)).

Sauceda asserts that "most" of the sentencing factors would be fulfilled by a sentence shorter than 300 months and that a sentence of between 240 and 300 months would result in a sufficient but not greater than necessary sentence. When determining the appropriate sentence, district courts have "wide latitude to weigh" the factors set forth in 18 U.S.C. § 3553(a) and to "assign some factors greater weight than others." United States v. Lundstrom, 880 F.3d 423, 445–46 (8th Cir. 2018) (quoting United States v. Deering, 762 F.3d 783, 787 (8th Cir. 2014)). While Sauceda places great emphasis on the age he will be when he completes his first sentence, having reviewed the sentencing record and the district court's thorough

explanation of the reasons for the sentence imposed, we conclude the court did not abuse its discretion or impose a substantively unreasonable sentence.[2]

Finally, Sauceda challenges the reasonableness of a consecutive sentence. "When prison terms for multiple offenses are imposed at different times, the governing statute encourages consecutive sentencing." United States v. Ward, 686 F.3d 879, 884 (8th Cir. 2012) (quoting United States v. Atteberry, 447 F.3d 562, 564 (8th Cir. 2006)); see 18 U.S.C. § 3584(a). "[T]he principal issue for our review is whether a consecutive sentence was reasonable." Atteberry, 447 F.3d at 564. After considering Sauceda's vigorous arguments for a concurrent sentence, the district court noted the egregious nature of the offense and exercised its discretion to impose a consecutive guidelines range sentence. The consecutive sentence is harsh but so was the senseless beating inflicted on a cooperating witness. The district court did not abuse its substantial sentencing discretion.

## III.    Decision

The judgments of the district court are affirmed.

_____

_____

[2]Although we have the authority to review the court's refusal to grant a downward variance or departure for an abuse of discretion, Sauceda's 360-month sentence is within his properly determined advisory guidelines range of 360 to life in prison and is therefore presumptively reasonable. United States v. Perkins, 526 F.3d 1107, 1110 (8th Cir. 2008). Sauceda has not come close to overcoming that presumption.